| | |
|---|---|
| **WO** | KM |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Patrick Kalei Koa-Hiro, | ) | No. CV 09-2031-PHX-RCB (ECV) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Jody Bradley, et al., | ) | |
| Defendants. | ) | |

Plaintiff Patrick Kalei Koa-Hiro, who is confined in the Corrections Corporation of America-Saguaro Correctional Facility ("CCA-SCC"), filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On October 30, 2009, the Court dismissed the Application to Proceed with leave to re-file. On November 16, 2009, Plaintiff filed a new Application to Proceed (Doc. #5) and a First Amended Complaint (Doc. #6). The Court will order Defendants Bradley, Griego, Garcia, Kimoto, and Jinbo to answer Counts I and III of the Amended Complaint and will dismiss the remaining claim and Defendant without prejudice.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's new Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory

1 fee will be collected monthly in payments of 20% of the previous month's income each time
2 the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a
3 separate Order requiring the appropriate government agency to collect and forward the fees
4 according to the statutory formula.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

**III.    Amended Complaint**

Plaintiff sues Assistant Warden Jody Bradley, Assistant Warden Benjamin Griego,

1 Unit Team Manager Frank Garcia, Grievance Coordinator Juan Valenzuela, Hawaii Department of Public Safety Administrator Shari Kimoto, and Contract Monitor Scott Jinbo.

Plaintiff raises three grounds for relief in the Amended Complaint:

(1) Plaintiff's Eighth Amendment rights were violated when Defendants Bradley, Griego, and Garcia assigned Plaintiff to a cell with a rival gang member, even though they knew Plaintiff and the other inmate were rival gang members and that Plaintiff was in danger, and Plaintiff was assaulted;

(2) Plaintiff's Eighth Amendment rights were violated when Defendants Bradley, Griego, Garcia, and Valenzuela retaliated against Plaintiff; and

(3) Plaintiff's Eighth Amendment rights were violated when Defendants Kimoto and Jinbo refused to order Plaintiff's transfer to another facility despite being aware that Plaintiff's safety is in danger in the CCA-SCC facility.

Plaintiff seeks injunctive relief and money damages.

## IV. Failure to State a Claim

A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) was not narrowly tailored to advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-58 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate must show (1) that the prison official acted in retaliation for the exercise of a constitutionally-protected right, and (2) that the action "advanced no legitimate penological interest").

In Count II, Plaintiff states that Defendants were aware that Plaintiff intended to pursue legal action. Plaintiff also alleges that his ability to file grievances was hindered and that he was denied legal and personal phone calls, and has been left in administrative segregation. However, Plaintiff does not allege that Defendants acted adversely against him *because of* Plaintiff's constitutionally protected conduct. Further, Plaintiff has failed to

1 allege that Defendants' actions were not for the purpose of advancing a legitimate
2 penological interest. Accordingly, Plaintiff's allegations in Count II fail to state a claim and
3 the Court will therefore dismiss Count II.

**V.     Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff's claims in Counts I and III adequately state Eighth Amendment failure to protect claims against Defendants Bradley, Griego, Garcia, Kimoto, and Jinbo. The Court will require these Defendants to answer Counts I and III.

**VI.    Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

1 | comply with any order of the Court).

2 | **IT IS ORDERED:**

3 |     (1)    Plaintiff's November 16, 2009 Application to Proceed *In Forma Pauperis* (Doc. #5) is **granted**.

    (2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

    (3)    Count II of the Amended Complaint and Defendant Valenzuela are **dismissed** without prejudice.

    (4)    Defendants Bradley, Griego, Garcia, Kimoto, and Jinbo must answer Counts I and III of the Amended Complaint.

    (5)    The Clerk of Court must send Plaintiff a service packet including the Amended Complaint (Doc. #6), this Order, and both summons and request for waiver forms for Defendants Bradley, Griego, Garcia, Kimoto, and Jinbo.

    (6)    Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

    (7)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

    (8)    The United States Marshal must retain the Summons, a copy of the Amended Complaint, and a copy of this Order for future use.

    (9)    The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a

Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant must answer the Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules

. . .

72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 16th day of December, 2009.

_____
Robert C. Broomfield
Senior United States District Judge