WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Kaleikoa Hiro,<br><br>   Plaintiff,<br><br>vs.<br><br>Jody Bradley, et al.,<br><br>   Defendants. | No. CV 09-2031-PHX-RCB (ECV)<br><br>**ORDER** |

Plaintiff Patrick Kaleikoa Hiro brought this civil rights action under 42 U.S.C. § 1983 against various employees of the Corrections Corporation of America (CCA) and the Hawaii Department of Public Safety (DPS) (Doc. 6). After service of his First Amended Complaint, Plaintiff sought preliminary injunctive relief in the form of a transfer, arguing that his safety was in danger at the Saguaro Correctional Center (SCC) (Doc. 23). After briefing and a hearing, the Court denied Plaintiff's motion without prejudice. Plaintiff has now filed a "Motion for Reconsideration" of the Court's order denying the motion for injunctive relief (Doc. 45).

The Court will construe Plaintiff's motion as a renewed request for injunctive relief and order a response.

**I. Background**

Plaintiff's claims stem from his incarceration at the SCC in Florence, Arizona (Doc. 6). Plaintiff presented two claims for relief in his First Amended Complaint against SCC Assistant Wardens Jody Bradley and Benjamin Griego; SCC Unit Team Manager Frank

Garcia; and Hawaii DPS Administrator Shari Kimoto and Contract Monitor Scott Jinbo (id. at 2-3). Both claims alleged that Defendants were deliberately indifferent to Plaintiff's safety by allowing him to be housed in a unit with rival gang members (Doc. 6 at 5-8, 12-15). The Court ordered Defendants to answer the First Amended Complaint (Doc. 7).[1]

In his first motion for injunctive relief, Plaintiff alleged that he was being threatened by rival gang members and sought a transfer to another prison facility (Doc. 23). The Court ordered Defendants to answer the motion and the Court subsequently held a hearing on April 26, 2010 (Docs. 28, 36). After receiving testimony from Plaintiff and Defendants, the Court denied the motion for injunctive relief. The Court specifically found that Plaintiff had not met his burden to demonstrate a likelihood of success on the merits of his claims or that he faced immediate irreparable injury in the absence of an injunction. Winter v. Natural Resources Def. Council, Inc., 129 S. Ct. 365, 374 (2008); Am. Trucking Assn. v. City of Los Angeles, 554 F.3d 1046, 1052 (9th Cir. 2009).

## II.     Motion for Reconsideration

While Plaintiff titles his instant motion as a request for reconsideration, Plaintiff's motion is, in fact, a renewed request for injunctive relief. Thomas v. Ponder, 611 F.3d 1144, 1149 (9th Cir. 2010) ("We construe liberally the filings and motions of a *pro se* inmate in a civil suit."). Plaintiff's motion does not attack the Court's prior decision, but instead presents new facts that have occurred since the Court's decision. Specifically, Plaintiff references two letters—received by Plaintiff on July 1 and July 12, 2010—allegedly written by other inmates that threaten Plaintiff's life. Plaintiff sought a copy of one of these letters but Plaintiff's request for a copy was denied (Doc. 45, Attach. F). Instead, the SCC staff member informed Plaintiff that the Court could obtain the letter by requesting Plaintiff's inmate file (id.). In addition, Plaintiff alleges that he has been promoted to the second level of the Special Housing Incentive Program (SHIP), but cannot move to the SHIP II housing pod because of the threats against his life (id. at 5). As a result, Plaintiff is forced to remain in

---

[1] Upon screening, the Court dismissed Valenzuela as a Defendant (Doc. 7 at 5). The Court also dismissed Count II for failure to state a claim (id.).

the harsh living conditions of SHIP I and has no hope of ever joining a general population unit because of the threats against him (id.).  Plaintiff avers that he has been told by Griego and others that he will be transferred because of threats to his safety, but no transfer has been effected (id.).

Plaintiff also alleges in his motion that he has encountered difficulty obtaining legal copies and making legal phone calls (id., Attachs. C-D).  And finally, Plaintiff claims that SCC Warden Todd Thomas has continuously harassed and threatened Plaintiff (id. at 2-3; Attachs. A-B).

Defendants filed a notice of non-response to Plaintiff's motion pursuant to Local Rule of Civil Procedure 7.2(g), which prohibits a response to a motion for reconsideration absent direction from the Court (Doc. 47).  But because the Court interprets Plaintiff's motion as a new request for injunctive relief, the Court will direct that Defendants file a response to Plaintiff's motion.  The Court requests that Defendants address the two letters cited in Plaintiff's motion and any current efforts by Defendants to transfer Plaintiff or otherwise address his safety concerns.

**IT IS ORDERED:**

(1) Defendants must file a response to Plaintiff's Motion for Reconsideration (Doc. 45), construed as a Motion for Injunctive Relief, within 10 days of this Order.

(2) Plaintiff may file a reply within 7 days of Defendants' response.

DATED this 18th day of October, 2010.

_____
Robert C. Broomfield
Senior United States District Judge