WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Kaleikoa Hiro, | No. CV 09-2031-PHX-RCB (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Jody Bradley, et al., | |
| Defendants. | |

Plaintiff Patrick Kaleikoa Hiro brought this civil rights action under 42 U.S.C. § 1983 against various employees of the Saguaro Correctional Center (SCC) and the Hawaii Department of Public Safety (DPS) (Doc. 6). Before the Court is Plaintiff's second motion for injunctive relief (Doc. 45).[1] Defendants responded to the motion but Plaintiff did not file a reply (Doc. 51). The Court will deny the motion as moot.

**I.   Background**

Plaintiff's claims stem from his incarceration at the SCC in Florence, Arizona (Doc. 6). Plaintiff alleged that Defendants were deliberately indifferent to Plaintiff's safety by allowing him to be housed in a unit with rival gang members (id. at 5-8, 12-15).[2]

---

[1] Although titled a "Motion for Reconsideration," Plaintiff's instant motion is, in fact, a renewed motion for injunctive relief. See Doc. 49 at 2-3. Plaintiff's first motion for injunctive relief was denied after a hearing on April 26, 2010 (Doc. 36).

[2] Upon screening, all other claims and Defendants were dismissed (Doc. 7 at 5).

## II. Motion for Injunctive Relief

### A. Legal Standard

A preliminary injunction is an extraordinary and drastic remedy and "one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (*per curiam*) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995) (emphasis added)). To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008). The moving party has the burden of proof on each element of the test. Envtl. Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

### B. Parties' Contentions

Plaintiff's new motion for injunctive relief alleges that he has received two letters that specifically threaten his life but that Defendants have not taken any action to ensure his safety (Doc. 45). In addition, Plaintiff claims that he has been promoted to the second level of the Special Housing Incentive Program (SHIP), but cannot move to the SHIP II housing pod because of the threats against his life (id. at 5). As a result, Plaintiff is forced to remain in the harsh living conditions of SHIP I and has no hope of ever joining a general population unit because of the threats against him (id.). Plaintiff also claims that he has encountered difficulty obtaining legal copies and making legal phone calls (id., Attachs. C-D). And finally, Plaintiff asserts that SCC Warden Todd Thomas has continuously harassed and threatened Plaintiff (id. at 2-3; Attachs. A-B).

In response, Defendants submit the affidavit of Defendant Thomas, who attests that Plaintiff was transferred to the Red Rock Correctional Center on October 13, 2010, to complete his SHIP housing (Doc. 50, Ex. 1, Thomas Aff. ¶ 4). Thomas further states that any threats Plaintiff may have received from other inmates were the result of his own aggressive and inappropriate behavior (id. ¶¶ 5-8). Additionally, Defendants aver that they were unable

to locate any inmate letters threatening Plaintiff. Finally, Thomas attests that he has not harassed Plaintiff (id. ¶ 11).

As stated, Plaintiff did not file a reply in support of his motion.

### C.   Analysis

Plaintiff has been transferred to the Red Rock Correctional Center in Eloy, Arizona (Doc. 51). When a prisoner seeks injunctive relief concerning the facility where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam). Thus, transfer from SCC to Red Rock renders Plaintiff's claim for injunctive relief moot, unless he can demonstrate some indication of an expectation of being transferred back. See Preiser v. Newkirk, 422 U.S. 395, 402-403 (1975); Johnson, 948 F.2d at 519. Plaintiff's failure to reply in support of his motion for injunctive relief precludes a finding that he has an expectation of being transferred back to SCC. Consequently, Plaintiff's motion will be denied as moot.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Plaintiff's "Motion for Reconsideration," construed as a motion for injunctive relief (Doc. 45).

(2) Plaintiff's "Motion for Reconsideration" (Doc. 45) is **denied as moot**.

DATED this 15th day of November, 2010.

Robert C. Broomfield
Senior United States District Judge